No. 193.—SARAH A. BELL AND HUSBAND *v.* B. SILBERNAGEL & CO.

The authorization of the wife by the husband to institute and prosecute a suit in the court below includes the authority to take an appeal from the judgment rendered against the wife.

An action to annul a judgment can not be maintained if all the parties to the suit in which it was rendered are not made parties to the suit to annul.

APPEAL from the Fourteenth Judicial District Court, parish of Morehouse. *Ray, J.* *Newton & Hall* and *D. C. Morgan,* for plaintiff and appellant. *Todd & Brigham,* for defendants and appellees.

WYLY, J. The motion to dismiss this appeal because the plaintiff, the appellant, a married woman, is not authorized by her husband or the court to prosecute it, is not well taken.

Her husband having made himself a party to the suit below for the express purpose of authorizing his wife, authorized all orders obtained in that court in her behalf, among them was the order of appeal obtained on motion.

We think authority to prosecute a suit means authority to prosecute it to completion and in all courts necessary to its completion.

The plaintiff enjoins the execution of the judgment which she confessed in favor of the defendants, B. Silbernagel & Co., in December, 1868, and seeks to annul said judgment upon the grounds stated in her petition.

The defendant, B. Silbernagel, excepted, on the ground that the other members of the firm of B. Silbernagel & Co. (now in liquidation) and co-owners of the judgment sought to be annulled, have not been cited and their names have not even been mentioned in the petition of the plaintiff.

On this exception the suit was dismissed, and the plaintiff appeals.

We think the court did not err. If the plaintiff desired to annul the judgment, she should have caused all the co-owners thereof to be

made parties to her suit. Because the names of the members of the firm of B. Silbernagel & Co. were not set out in the judgment she ·confessed, which was not necessary in that case, is no reason why she .should be permitted to set it aside, and thereby destitute the owners of their property without notice.

The exception setting out the names of the co-owners of the judgment, the members of the firm of B. Silbernagel (in liquidation), was filed on the seventeenth day of December, 1869; it was not tried and disposed of till the suit was dismissed thereon, October 21, 1870.

The plaintiff had for nearly one year notice that the co-owners of the judgment were not made parties to her action to annul it, and she ·seems to have made no effort to bring the parties into court. Such negligence in practice will not be sanctioned by the court.

Judgment affirmed.