Statement.
MONROE, J.
The plaintiff alleges, in substance, that he has sued -for the interdiction of his brother, Martin Gremaud, and has been appointed administrator pro tern, of his estate; that his said brother is one of five children and heirs of their deceased parents, Desire Gremaud and M. A. Broussard, his wife, the other children and heirs being Elodie Gremaud, wife of Jas. T. Collins, Josephine Gremaud, wife of Jens Neilson, and Louise Gremaud, wife of Luden J. Jolly; that, on the application of Mesdames Neilson and Jolly, judgment was rendered by the district court on April 2, 1904, sending said five heirs into possession of the estates of their parents; and that, on the petition of the same parties, a further judgment was rendered on July 20, 1904, decreeing a partition by licitation of the property of said estates. Plaintiff, in his said capacity as administrator, further represents that said judgments are null, for the reason that Martin Gremaud was then, and is now, notoriously imbecile and idiotic, and incapable of standing in judgment; that, under the judgment ordering the partition, the sheriff is about to sell the property held in common, the object of the plaintiffs in said proceeding being to force the sale at a season of the year when they can buy it to their own advantage and to the detriment of the other heirs; and he prays that the sale be enjoined, that Mesdames Neilson and Jolly and the sheriff be cited, and that, after due proceedings, the said injunction be perpetuated and the two judgments mentioned be annulled. In accordance with this prayer, a preliminary injunction issued, upon a bond given by Albert Gremaud, administrator. Thereafter the defendants Mesdames Neilson and Jolly filed an exception of no cause of action, and an *54 answer denying that Martin Gremand was insane or an imbecile when the proceedings referred to in the petition were taken, and further denying that they desired thereby to obtain any advantage over their coheirs. They further, by supplemental answer, set up that proper parties have not been cited, that the petition for the interdiction of Martin Gremaud was not served on them before the rendition of the judgment of partition, that the judgments putting in possession and decreeing the partition cannot be attacked before the rendition of-the judgment of interdiction, that the injunction cannot affect the judgment of partition, and that the plaintiff cannot stand in judgment for Martin Gremaud, for the reason that he is necessarily a party defendant, with said Martin Gremaud, with respect to the judgments which he attacks. Subsequently Mrs. Mary Phillippi, surviving widow of Desire Gremaud, alleging herself to be the duly appointed curatrix of Martin Gremaud, who had been interdicted since the filing of the suit, appeared, and by order of court was substituted for Albert Gremaud, administrator pro tern., and was authorized to maintain the suit in his stead. It was also made to appear that Albert Gremaud had been appointed under-curator of the interdict, but he did not make himself individually a party to this proceeding, nor was Mrs. Collins made a party. Upon the issues as thus made up, the case was tried, and there was judgment for plaintiff, Mrs. Mary Phillippi Gremaud, curatrix, annulling the judgments putting in possession and decreeing the partition, as prayed for, and perpetuating the injunction, and, from the judgment so rendered, the defendants, Mesdames Neils on and Jolly have appealed.
Opinion.
Some three months after the transcript had been lodged in this court, Mrs. Blodie Gremaud, wife of Jas. T. Collins, and Albert Gremaud filed a petition in this court, alleging that they were cognizant of and approved the proceedings in the district court, though not parties thereto, and that they desire to make themselves parties at this time in order that the judgment appealed from may be affirmed, and to this the appellants object.
Upon the face of the papers, the judgments putting the five heirs in possession (of the estates of their father and mother, respectively) were rendered upon petitions filed by Mesdames Neilson and Jolly (aided by their husbands), and the other heirs were not made parties to the proceedings, nor does the record show that they were cited in the partition proceedings. No complaint is, however, made by the plaintiff now before the court on these grounds. On the contrary, it seems to be admitted (at least, tacitly, and for the purposes of this suit) that all the parties named in those judgments would be bound by them save for the alleged incapacity of Martin Gremaud to stand in judgment. Under these circumstances, whatever may be said in regard to the judgment putting in possession, it is quite certain that the judgment of partition could not legally be annulled with three of the five parties thereto unrepresented, and it is equally certain that the judgment purporting to annul it, under such conditions, cannot be made good by the appearance of the absentees in this court three months after the appeal had been lodged here.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that this case be remanded to the district court with leave to the plaintiff to make proper parties, and thereafter to proceed according to law, the plaintiff and appellee to pay this costs of the appeal, and the costs of the district court to await the final decision.