**O'SULLIVAN v. KNOP, Civil Sheriff, et al.**
**No. 17365.**

Court of Appeal of Louisiana. Orleans.
April 22, 1940.

Rehearing Granted May 20, 1940.

P. M. Milner, of New Orleans, for appellant.

Gill & Simon and Warren M. Simon, all of New Orleans, for appellees.

JANVIER, Judge.

Gerard W. O'Sullivan, because of whose peculations as an employee of Curran & Treadway, Inc., that corporation obtained judgment against American Bonding Company of Baltimore, surety on his fidelity bond, now seeks to enjoin the execution of that judgment against the said company and in favor of Curran & Treadway, Inc., on the ground that, before that corporation filed the suit against the said bonding company, he, O'Sullivan, had repaid to the said corporation the amount of which he had previously defrauded it and for the recovery of which that suit was filed. In his prayer O'Sullivan asks that the Civil Sheriff for the Parish of Orleans, Curran & Treadway, Inc., and Warren Simon, attorney for the said Curran & Treadway, be temporarily restrained and ultimately permanently enjoined from attempting to enforce, or make collection under, the said judgment. The preliminary restraining order was granted upon the furnishing, by O'Sullivan, of bond in the sum of $500, and a rule nisi issued commanding the respondents to show cause why the defendant should not be enjoined from proceeding under the said judgment.

We find in the record no appearance on behalf of the Civil Sheriff, but the other respondents filed the following exceptions:

(1) Non-joinder of necessary parties-defendant.

(2) No right of action.

(3) Estoppel and laches.

After a hearing there was judgment overruling the exception of non-joinder, but maintaining the plea of estoppel and laches and dismissing the suit as to all defendants. No action seems to have been taken by the court on the exception of no right of action. From this judgment plaintiff has appealed.

The circumstances of the matter out of which the litigation arose and the facts leading to the final decree of the Supreme Court are set forth in the opinion rendered by that court in Curran & Treadway, Inc., v. American Bonding Company of Baltimore, 193 La. 763, 192 So. 335. But we think it advisable to restate certain of those facts in order that there may be had a clear understanding of the grounds on which are based the pleas and exceptions now under consideration.

In 1937, Curran & Treadway, Inc., who were engaged in the real estate business in New Orleans, employed O'Sullivan as a rent collector. That corporation required a fidelity bond which was furnished with the American Bonding Company of Baltimore as surety. O'Sullivan embezzled funds of the said corporation and notice thereof was given to the bonding company. In the course of its investigation that company obtained evidence from which it concluded that, prior to the embezzlement which formed the basis of that claim, Mr. Curran, president of Curran & Treadway, Inc., had obtained information of another dishonest act on the part of O'Sullivan, and, because of this information, the bonding company declined to pay the claim of Curran & Treadway, Inc., contending that, by the terms of the bond, liability thereunder had terminated upon discovery by Mr. Curran of the prior dishonest act of O'Sullivan. Curran & Treadway then brought suit on the bond and ultimately obtained from the Supreme Court a decree for the full amount of the bond. Before collection could be made, O'Sullivan, though not a party to that suit, brought this proceeding seeking to prevent collection on the ground that the judgment had been fraudulently obtained.

The plea of estoppel, which was maintained in the district court, is based on the fact that O'Sullivan, the present plaintiff, and who admittedly was guilty of the embezzlement on which the other suit was based, had testified on behalf of Curran & Treadway, but had made no mention whatever of the alleged fact on which the present suit is founded—that he (O'Sullivan) had, prior to the filing of that other suit, repaid to Curran & Treadway, the entire amount of the shortage.

It is obvious that, if he had so testified, an immediate dismissal of that suit would have resulted, and it is argued now that, in view of his having testified in the other case without at that time disclosing a fact which would have terminated that suit, he should not now be heard to base this suit on that alleged fact. And, at first glance, it would appear that the plea of estoppel is well founded; that a confessed embezzler, who, on testifying in a suit by his employer against his own surety, remains silent concerning a fact which, had it been disclosed, would have terminated that suit, should not be permitted later to avail himself of proof of that fact to effect the annulment of the judgment which would not have been rendered except for his silence.

But there are other considerations to which we must give attention. First, that the plea of estoppel is urged on behalf of Curran & Treadway, Inc., which corporation not only benefited by the failure of O'Sullivan to disclose the alleged payment, but which, in effect, is alleged to have conspired with O'Sullivan to defraud the bonding company in the earlier suit and which corporation is, in effect, alleged to have forced O'Sullivan, by threats, to fail to testify to the said payment. It is argued that the said corporation is in no position to urge the plea of estoppel as against O'Sullivan; and, second, it is maintained that, in Louisiana, a plea of equitable estoppel will not be sustained unless the statement made, or the act done, and from which the estoppel is claimed to result, was acted upon to the prejudice of the party who attempts to rely upon the plea of estoppel; that Curran & Treadway have not only suffered no loss as a result of O'Sullivan's failure to disclose the truth, but, in fact, because of his silence, obtained the judgment which otherwise they would not have been able to secure.

When we consider this situation as we have outlined it, we conclude that the plea of estoppel should not have been maintained below for the reason that, if the allegations made by O'Sullivan are true, he was, in effect, coerced by threats of criminal prosecution into failing to disclose the alleged fact that he had paid the shortage, and for the further reason that, in this state, equitable estoppel does not result from judicial allegations or testimony unless the party relying upon the estoppel was adversely affected thereby. See Farley v. Frost-Johnson Lumber Company, 133 La. 497, 63 So. 122, L.R.A.1915A, 200, Ann.Cas.1915C, 717; Maddox v. Robbert, 158 La. 394, 104 So. 183. Then, too, as we have intimated, there may be an

estoppel to the right to plead estoppel, if the allegations made by plaintiff can be shown to be true. We believe, however, that the suit was properly dismissed but that the dismissal should have been based on the plea of non-joinder since we think it obvious that the American Bonding Company of Baltimore, the corporation against whom the judgment was rendered, should have been made a party.

It is well established that, in a suit to annul a judgment, all parties to the previous suit from which the judgment resulted must be made parties. It is true that the prayer of the petition does not ask that the judgment be annulled, but merely that execution of the judgment be enjoined, but the effect of the granting of the prayer will be to annul the judgment. We see no distinction between a suit to annul a judgment on the ground that it was obtained through fraud and a suit to enjoin execution of the judgment when such suit is based on the same ground. We, therefore, treat the matter as a suit to annul a judgment, and, as we have said, it is well settled that all parties to the original suit must be made parties in the suit for nullity. It is true that Article 610 of the Code of Practice requires only that the adverse party must be cited to appear, but the jurisprudence clearly establishes the necessity that all parties be cited. See Bell v. Silbernagel, 23 La.Ann. 569; Willis v. Peet, 26 La.Ann. 156; Morris v. Bienvenu, 30 La.Ann. 878; Bertrand v. Knox, 38 La.Ann. 350; Gremaud v. Gremaud, 115 La. 79, 38 So. 901.

Lest it be believed that only those parties in whose favor a judgment is rendered must be cited and that there is no necessity to bring into the suit to annul those parties who were cast in the judgment for the reason that those parties would obviously be benefited by the annulment of the judgment, we find that, in Willis v. Peet, supra, the Supreme Court held that it was necessary to cite a defendant against whom the judgment had been rendered. There one Willis sought to annul a judgment rendered in favor of Peet against the Succession of Thomas J. Buck. The court said: " * * * The succession of Buck has not been made a party. This was necessary. We can not annul a judgment unless all the parties to it are cited."

And we are ourselves independently impressed with the necessity for this

and the wisdom of requiring that all such parties, whether affected favorably or unfavorably by the judgment, be made parties to a suit to annul. Here, for instance, the American Bonding Company of Baltimore, if the facts which plaintiff alleges are true, could bring its own independent suit to annul the judgment, and it is therefore interested in preventing attempts by other parties to do anything which might in any way prejudice any suit which it might later decide to file. It is true that it would not be bound by any judgment rendered in this suit for the reason that that judgment could not constitute res judicata, but it would certainly be prejudiced and adversely affected in the trial of any suit which it itself might decide to bring on the ground of fraud by a showing that some other suit based on the same ground had been brought and adversely determined.

The plea of non-joinder was well founded and it should have been sustained. Taking this view of the matter, it is unnecessary that we consider the exception of no cause of action.

It is therefore ordered, adjudged and decreed, that the judgment appealed from be and it is affirmed at the cost of appellant.

Affirmed.