HALL, Judge.
Plaintiff prosecutes this appeal from a judgment dissolving a non-resident writ of attachment.
On July 27, 1967 the plaintiff finance company filed suit against John T. Camp and August L. Mahon as co-makers of a promissory note held by it. Service was duly made on Camp and a judgment has already been secured against that defendant. Service could not be made on Ma-hon, he having moved to the State of Texas, but upon learning that Mahon was the owner of a piece of immovable property located in the Parish of Jefferson, plaintiff for jurisdictional purposes applied for and obtained a non-resident writ of attachment seizing defendant Mahon’s interest in the property. Simultaneously with the issuance of the writ the Court appointed a curator ad hoc to represent the absent defendant.
The sheriff executed the writ of attachment and recorded due notice of the seizure in the mortgage records of Jefferson Parish on September 1, 1967.
The following is the description of the property seized as same appears on the notice of seizure recorded in the mortgage records:
“A certain piece or portion of ground, with all the buildings and improvements thereon and all of the servitudes, rights and appurtenances applying, situated in the State of Louisiana, in the Parish of Jefferson in TERRYTOWN SUBDIVISION, SECTION 3, being a part of OAKDALE SUBDIVISION, SECTION “B”, FIRST WARD, all in accordance with the survey of Adloe Orr, Jr. & Associates, C.E. dated October 9, 1959, approved by the Jefferson Parish Council under Ordinance No. 4545, adopted April 21, 1960, registered in COB 510, folio 492, Parish of Jefferson, Louisiana, on July 20, 1960, and in Plan Book 39, folio 66, office of the Clerk of Court, Parish of Jefferson, Louisiana, which said property is more fully described as follows, to-wit:
Lot No. 17, Square No. 274, bounded by COOPER ROAD, FIELDING AVENUE, FARMINGTON PLACE and FAIRLAWN DRIVE, which said lot forms the corner of Cooper Road and Fielding Avenue and measures eighty (80') feet front on Cooper Road, the same in width in the rear, by a depth and front on Fielding Avenue of one hundred eight (108') feet by a depth along the opposite side line of one hundred eight (108’) feet. All in accordance with the survey of Adloe Orr, Jr. & Associates, C.E. dated February 11, 1963.
The improvements thereon bear No. 1813 Cooper Road.
Being the same property acquired by August L. Mahon from Terrytown, Inc. by act before_, Notary Public, dated March 12, 1963, registered in *859 COB 567, folio 791, and recorded in MOB 410, folio 992, on May 14, 1963.”
On December 1, 1967 the curator ad hoc for the absentee defendant, Mahon, filed a rule against plaintiff to show cause why the writ of attachment should not be dissolved on the ground that the property was described in the writ as being Lot 17 of Square 274 of the Terrytown Subdivision, Section 3 rather than Lot 17 of Square 74 of the Terrytown Subdivision, Section 3 which is the correct designation of the square in which the property owned by defendant, Mahon, is situated.
Following a hearing on the rule the Trial Judge rendered judgment dissolving the writ of attachment and fixing the fee of the curator ad hoc at the sum of $125.-00. Plaintiff perfected this appeal from that judgment.
In his written “Reasons for Judgment” the Trial Judge said in part:
“* * * the Court is of the opinion that the attachment was defective in that the petition and attachment did not have an accurate description of the property. The attachment actually seized Lot 17 of Square 274 in Terrytown Subdivision, when in truth and fact the defendant was the owner of Let 17 of Square 74 of Terrytown Subdivision, Section 3 * * The Court is of the opinion that Louisiana Revised Statute 13 in Subsection 3851, etc., (sic) requires that a complete and accurate description of immovable property seized be contained in the petition and order * *
Appellant contends that the Trial Court erred in dissolving the writ because of an incorrect designation of the square number, when the description of the property seized, taken as a whole, sufficiently described the property to be seized.
The law governing seizures of immovable property (including seizures under attachment) is contained in LSA-R.S. 13:3851 et seq. as amended in 1960. LSA-R.S. 13:3851 requires the seizing party to deliver to the sheriff to whom the writ is directed “an exact and complete description of the immovable property to be seized.” The sole question presented on appeal is whether the description of the property delivered to the sheriff by plaintiff and by him recorded in the mortgage records complies with this requirement of the law.
The description in question in this case completely and accurately:
1) Describes the lot as being in Terry-town Subdivision, Section 3 and makes full reference to the survey of the subdivision.
2) Gives the lot number and establishes the square in which the lot is situated by naming the streets which bound the square.
3) Establishes the lot’s position in the square by stating that it forms the corner of Cooper Road and Fielding Avenue; states that the lot fronts on Cooper Road, gives its measurements, and makes reference to a survey of the lot.
4) Gives the municipal number of the improvements on the lot.
5) Gives the acquisition of the lot.
The only inaccuracy in the description as delivered to the sheriff and as recorded in the mortgage records is that it recites the number of the square as being No. 274 instead of 74. As a matter of fact appellant states and appellee does not deny that Sec-ton 3 of Terrytown Subdivision contains no square No. 274.
Had the square number been entirely omitted from the description delivered to the sheriff there can be no doubt that the description would have been an accurate and complete description of the property to be seized. Did the inclusion of the inaccurate square number cause it to be no't “exact and complete” within the meaning of LSA-R.S. 13:3851?
Since there is no fixed sterotyped way to describe real estate we are of the opinion that the words “exact and complete description” as used in LSA-R.S. 13:3851 mean only that the description must identify with certainty the property to be seized.
We have not been cited to any decisions interpreting LSA-R.S. 13:3851 as amended *860 and we do not know of any. However there have been a number of decisions which deal with the question of faulty descriptions in mortgages.
Civil Code Article 3306 (LSA-C.C. Art. 3306) states that in order for a conventional mortgage to be valid it is necessary that the act establishing it shall state “precisely the nature and situation of each of the im-movables on which the mortgage is granted.” In interpreting this article the Courts have consistently held that the description in a mortgage, although containing inaccuracies, is sufficient if it identifies, the property with certainty and if it is not so inaccurate or faulty as to be misleading. See Mid-State Homes Inc. v. Knapp, La.App., 156 So.2d 122 (1963) and cases there cited. See also The City Bank of New Orleans v. Denham, 7 Rob. 39; Thornhill v. Burthe, 29 La.Ann. 639; Dickson v. Dickson, 36 La.Ann. 870.
The principal purpose of requiring the plaintiff in writ to deliver to the sheriff an “exact and complete description” of the property to be seized is to enable him to prepare and record in the mortgage records a notice of seizure which shall constitute “notice to third persons of the seizure and of the existence of the privilege accorded by law to the seizing creditor.” (See LSA-R.S. 13:3852, 13:3853 and 13:3855). Its purpose of giving notice to third persons of exactly what property is seized is completely analogous to the purpose of LSA-C.C. Art. 3306 which is to give notice to third persons of exactly what property is mortgaged and we are of the opinion that the phrase “exact and complete description” contained in LSA-R.S: 13:3851 has no different meaning than the phrase “precisely the nature and situation of the immovables” contained in LSA-C.C. Art. 3306.
It is noted parenthetically that LSA-R.S. 13:3851 applies to all seizures including seizures in mortgage foreclosures whether brought via executiva or via ordi-naria.
We are therefore of the opinion that the cited jurisprudence interpreting LSA-C.C. Art. 3306 is applicable to LSA-R.S. 13:3851. As so interpreted there can be no doubt that the description delivered to the sheriff by plaintiff in writ in the instant case fully meets the statutory requirements of an “exact and complete description.”
For the foregoing reasons the judgment dated January 12, 1968 herein appealed from is reversed in so far as it dissolved the writ of attachment and it is now ordered that the writ of attachment herein issued be maintained. The cause is remanded to the District Court for further proceedings according to law consistent with the opinions herein expressed, costs of this appeal to be borne by defendant-ap-pellee, all other costs to await final determination of the cause.
Reversed and rendered and cause remanded.