PLOTKIN, Judge.
Defendant Paul R. Valteau Jr., civil sheriff for the Parish of Orleans, appeals a trial court judgment in favor of plaintiffs C & G Construction, Inc., Calvin J. Minor Jr., and Gaetano B. Pater nostro Jr., which judgment annulled the judicial sale of property located at 2646-2648 Banks Street in the City of New Orleans. The property was sold by executory process subject to a mortgage held by the Resolution Trust Corporation (RTC) as receiver for the Commonwealth Federal Savings Association (Commonwealth).[1] We reverse.

Facts

Commonwealth filed a petition for foreclosure via executory process against Dean P. Allison and Phyllis Cohen Allison on immovable property subject to a mortgage held by Commonwealth. The property involved was fully described by the petition as follows:
TWO CERTAIN LOTS OF GROUND, together with all the buildings and improvements thereon, and all the rights, ways, privileges, advantages and prescriptions thereunto belonging or in anywise appertaining, situated in the FIRST DISTRICT of this City of New Orleans, in Square No. 584, and bounded by BANKS, DORGENOIS, TULANE, BROAD and BAUDIN STREETS, said lots of ground being designated on the Assessment Rolls of the year 1903 as Lots Thirteen and Fourteen and according to a plan by H. Moelhausen, late Surveyor, dated February 6, 1945, deposited in the Archives of B. Philip, late Notary Public, said lots are designated by the Numbers ELEVEN and TWELVE and measure each thirty feet (30') front on Banks Street, by a depth of one hundred feet (100') between equal and parallel lines.
All as more fully shown on a plat of survey made by Gilbert, Kelly & Coutu-rie, Inc, Surveying & Engineering, dated *435 April 25, 1978, a certified copy of which is annexed to an act passed before Prank P. Battard, Notary Public, dated April 28, 1978, except that said survey shows Lot No. 11 as being closer to and commencing at a distance of ninety feet (90’) from the corner of Banks Street and S. Broad Ave.
Improvements thereon bear the Municipal Nos. 2646-2648 Banks Street.
Being the same property acquired by MR. & MRS. DEAN P. ALLISON from COMMONWEALTH SAVINGS ASSOCIATION by act passed before Frank P. Battard, Notary Public, dated November 2, 1979, and registered in C.O.B. 762, folio 656.
In response to the petition, defendant Sheriff Valteau seized and sold the property for the highest bid. However, the “Notice of Seizure" which the sheriff filed in the mortgage records and served upon the Allisons described the property as follows:
LOT NO. 11, SQUARE NO. 584 FIRST MUNICIPAL DISTRICT MUNICIPAL NO. 2646-48 BANK STREET
COB 762, folio 656
The above description improperly omitted any reference to Lot 12.
Plaintiff C & G Construction purchased the property by making the highest bid of $97,751. That sum was delivered to the sheriff, who transferred the funds, minus costs, to the RTC as receiver for Commonwealth.
On March 27, 1991, the plaintiffs filed the instant suit. The original petition in this case was titled “Petition for Damages and To Set Aside or Annul Judicial Sale.” The only defendant named in the suit, and thus the only adverse party notified, was Sheriff Valteau. The plaintiffs claim that the description of the property filed in the mortgage records was defective because it was not “exact and complete” as required by LSA-R.S. 13:3851, because of the omitted lot number, as well as the fact that the description contained no lines or boundaries. The plaintiffs claim both that the defect in the description prevented the sheriff from constructively seizing the property and that the sale of property which has not been seized is an absolute nullity. The plaintiff also alleges that the defective description in the citation and advertisement has prevented it from obtaining title insurance on the property.
The sheriff filed a monition suit pursuant to LSA-R.S. 13:4941 et seq. to correct the improper description of the property, which suit was served upon the Allisons. On September 24, 1991, a judgment confirming and homologating the sale was issued in the monition suit.
The sheriff sought to defend against the instant suit by citing the monition suit and by claiming that the presence of the municipal address in the description cured any defects. He also sought to prove that the plaintiffs could obtain title insurance despite the defect.
Both parties filed motions for summary judgment. The trial judge granted the plaintiffs’ motion and denied the defendant’s motion. The judgment specifically states that the “judicial sale to the plaintiff of Lots 11 and 12 is hereby declared void.”
The judgment was signed on February 7, 1992. On February 11, 1992, the attorney for the sheriff sent a letter to the RTC requesting return of the $94,273.41. RTC claims that it had no knowledge of the existence of the nullity action until it received that letter.
Sheriff Valteau filed a motion for new trial, claiming that RTC was an indispensable party to the action. That motion was denied.
Sheriff Valteau then filed this appeal, making two arguments. First, he claims the trial judge erred in annulling the judicial sale because the defect in the description of the property was insufficient to require that result, especially in light of the judgment in the monition suit. Second, he claims that the trial court improperly denied his motion for new trial based on the plaintiff’s failure to join indispensable parties to the action to annul. RTC’s amicus curiae brief makes the same argument. The sheriff also filed a formal peremptory exception of nonjoinder of an indispensable *436 party in this court. Because we find merit in both these arguments, we reverse.

Annulment of judicial sale

In her reasons for judgment, the trial judge stated the requirements of Louisiana law that an “exact and complete description” is necessary in a judicial sale, and that the description must identify the property seized with certainty. She then found that the description involved in the instant case, although it listed a municipal address, was insufficient to meet the requirements and that it did not “validly convey good, unclouded title to the plaintiff.” Besides the omission of reference to Lot 12, the trial judge noted that the description failed to include any lines or boundaries. The trial judge failed to cite any cases in support of her reasons for judgment.
Our review of the record in this case in the light of the pertinent jurisprudence convinces us that the trial judge was manifestly erroneous in reaching that conclusion and in annulling the judicial sale for two reasons: (1) the description of the property was sufficient to meet the “exact and complete” requirement of the statutes, and (2) the monition suit cured any defect.
1. Description of the property
First, the trial judge improperly concluded that the description of the property was insufficient to meet the “exact and complete description” requirement. LSA-R.S. 13:3851 requires that a party seeking constructive seizure of immovable property deliver to the sheriff “an exact and complete description” of the property to be seized. Unquestionably, Commonwealth meet that requirement in this case. LSA-R.S. 13:3852 then requires that the sheriff send notices of seizure containing an “exact copy of the description of the immovable property furnished him in accordance with R.S. 13:3851,” implicitly imposing a requirement that the description in the notices also contain “an exact and complete description” of the property. In fact, this court has previously noted that the “principal purpose” of the requirement that the party seeking seizure provide an exact and complete description is to enable the sheriff to prepare and record proper notices of seizure to inform third parties of the action. Gretna Finance Co. v. Camp, 212 So.2d 857, 860 (La.App. 4th Cir.1968).
Under the jurisprudence, the requirement that the seizing party provide an “exact and complete” description has been found to be analogous to the requirement in La.C.C. art. 3306[2] that descriptions of property for mortgages state “precisely the nature and situation of each of the immovables on which the mortgage is granted.” Id. A description under either provision which contains inaccuracies is nonetheless “sufficient if it identifies the property with certainty and if it is not so inaccurate or faulty as to be misleading.” Id. See also Mid State Homes, Inc. v. Knapp, 156 So.2d 122, 125 (La.App. 3d Cir.1963).
The Louisiana Supreme Court has also stated the requirements for valid property descriptions as follows:
It suffices if the description be “such as to enable the court to determine with certainty, with the aid of such extrinsic evidence as is admissible under the rules of evidence, what property was intended by the parties to be covered thereby. The description need not be given with such particularity as to make a resort to extrinsic evidence unnecessary.”
White v. Ouachita Natural Gas Co., 177 La. 1052, 150 So. 15, 17 (1933); quoting Tricuit v. Burton-Swartz Cypress Co., 162 La. 319, 110 So. 489, 492 (1926).
In the instant case, the property description omitted reference to one of the lots to be sold. However, the description did specify the municipal address of the improvements located on the property, improvements which unquestionably “straddled” the two lots. Additionally, the description references both a conveyance book number and a folio number. There is *437 no allegation in this ease that the description of the property at COB 762, folio 656 was incorrect.
The jurisprudence reveals that a reference to a municipal address in a property description which was otherwise inaccurate is sometimes considered sufficient. In King v. Hacket, 7 Orl.App. 497 (1910), the court held that an advertisement of property for public auction to effect a partition, which advertisement described the property only as a “double cottage” at a certain municipal address, was sufficient, despite the omission of any dimensions or other designations because the property description contained “a descriptive physical monument, equivalent to the metes and bounds.”
The plaintiffs in this case would have us distinguish the King case on the basis of the fact that the property sold there was not subject to executory process which requires strict compliance with the law, but was simply a public auction to effect a partition. However, that argument ignores the fact that, despite the general rule that strict compliance with the law is required to effect a sale by executory process, the jurisprudence has modified the “exact and complete” provision to require only that the description be sufficient to identify the property with certainty and that it not be misleading, the same general requirements as a description in an advertisement of property to be sold at public auction. Thus, the plaintiffs’ argument is without merit.
2. Monition suit
Second, the trial court improperly annulled the judicial sale of the property because the judgment in the monition suit cured any defects in the title to the property. The record reveals that Sheriff Val-teau obtained a judgment which ordered, adjudged and decreed as follows:
[Tjhat the sale made herein on August 30, 1990 unto C & G Construction, Inc. and recorded as Conveyance Office Instrument Number 26719 and Notarial Archieves [sic] Number 862136 on Oct. 2, 1990 in the records of Orleans Parish be confirmed and homologated and the title of C & G Construction, Inc. is hereby made perfect and complete on the following described property, all in accordance with R.S. 13:4941, et seq.
A correct description of the property follows this proclamation. The evidence is void of any evidence or other indication that the plaintiffs in this case or any other party has challenged the judgment in the monition suit.
The effect of a judgment in a monition case is proscribed by LSA-R.S. 13:4947, which provides as follows:
The judgment of the court, confirming and homologating the sale, shall have the force of res judicata, and operate as a complete bar against all persons, whether of age or minors, whether present or absent, who may thereafter claim the property sold, in consequence of all illegality or informality in the proceeding, whether before or after judgment. The judgment of homologation shall in all cases be received and considered as full and conclusive proof that the sale was duly made according to law, in virtue of a judgment or order legally and regularly pronounced on the interest of parties duly represented.
Thus, no party can contest C & G’s title to the property in question.
The plaintiffs argue that the judgment in the monition suit is insufficient to cure the defect in the property, citing Lambert v. Bond, 234 La. 1092, 102 So.2d 467 (1958), in which the court, on the appeal of the judgment in the monition suit itself, held that a defect in the property description in the public notices of the monition suit invalidated the judgment. However, the court expressly found that the insufficiency of the description did not necessarily render the sale null or make the defect incurable. Id. at 471. The court found that “were this a case in which ... the title of the purchaser at the judicial sale was being assailed after he had taken possession of the land” a different result might have obtained. This case does not involve an attack on the judgment in a monition suit, but a correct monition suit curing defects in a previous *438 sale. Thus, the plaintiffs’ argument on this issue has no merit.
Accordingly, we find that the trial judge was manifestly erroneous in annulling the judicial sale. That judgment is hereby reversed.

Indispensable parties

Because we have decided to reverse the judgment annulling the judicial sale, the indispensable party issue is moot. However, we note that the trial judge abused her discretion in denying the defendant’s motion for new trial based on failure to join indispensable parties for the reasons discussed below.
La.C.C.P. art. 641, relative to compulsory joinder of indispensable parties, provides as follows:
Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
Under the circumstances, it is unnecessary for us to determine independently whether RTC’s interest in this case are so interrelated and directly affected by the judgment that a “complete and equitable” adjudication of the case is impossible in its absence. Actions for nullity are governed by La.C.C.P. arts. 2001-2006. The jurisprudence interpreting those articles reveals a longstanding principle of law that all parties to a suit must be made parties to an action to annul the judgment. Cornish v. Chaney, 177 La. 10, 147 So. 363, 365 (1933); Gremaud v. Gremaud, 115 La. 79, 38 So. 901, 902 (1905); O’Sullivan v. Knop, 195 So. 366, 368 (La.App.Orl.Cir.1940). Additionally, it is clear that no judgment may be rendered against a third party in a suit to annul a judicial sale of immovable property unless the third party has an opportunity to his “day in court.” Reid v. Federal Land Bank, 193 La. 1017, 192 So. 688, 691 (1939). See also Dowling v. Hypolite Gaily, 30 La.Ann 328 (N.O.1878), in which the court found that the purchaser of the property is a necessary party to a suit to annul a judicial sale.
Thus, the RTC, as receiver for Commonwealth, the plaintiff in the original suit which resulted in the judicial sale, is an indispensable party to this action to annul the judicial sale, as are the Allisons, the judgment debtors, who were also parties to the original suit. The trial judge abused her discretion in failing to grant the defendant’s motion for new trial.

Conclusion

For the reasons stated, the trial court judgment is reversed. The case is remanded for further proceedings consistent with this opinion. All parties shall bear their own costs associated with this appeal.
REVERSED AND REMANDED.

. RTC filed an amicus curiae brief in this court.

. La.C.C. art. 3306 was repealed by a 1991 act of the Louisiana legislature. However, at the time of the sale of the property in question, it was valid law; thus, we will consider jurisprudence interpreting that provision in the instant case.