WEBB
*v.*
KEMP.

| 2 | 371 |
|---|---|
| 44 | 839 |

## BAKER *v.* THE BANK OF LOUISIANA.

Where a mortgage mentions the parish in which the mortgaged property is situated, the bayou on which it lies, the number of acres it contains, the use made of the property as a plantation, and that it was purchased by the mortgagor at a probate sale of the succession of a person named, the conveyance being shown by evidence to be of record in the same parish, the description of the property is sufficient.

APPEAL from the District Court of West Feliciana, *Boyle*, J. *Ratliff* and *Cowgill*, for the appellant. *Bowman*, for the defendants. The judgment of the court was pronounced by

SLIDELL, J. In the year 1837, the Bank of Louisiana took a mortgage, with the pact *de non alienando*, from *Samuel Wimbish*, upon a tract of land in the parish of West Feliciana, to secure an indebtedness of *Wimbish*, and, the debt not being paid, obtained an order of seizure and sale. The sheriff having made seizure of the land, the plaintiff instituted this suit to enjoin the sale. There was judgment for the defendants in the court below dissolving the injunction, and the plaintiff has taken a devolutive appeal.

The only objection presented in argument to the validity of the bank's mortgage is, that the mortgage act does not sufficiently describe the property, and consequently that its registry in the mortgage office was not notice to third persons, and not binding upon the plaintiff, who has a notarial act of sale from *Wimbish* of the property, of a date posterior to the mortgage.

The description in the mortgage to the bank is as follows: " A certain tract of land, or a parcel of ground, with the improvements thereon, situate, lying and being in said parish, on the bayou Tunica, being the land and plantation purchased by the said *Samuel Wimbish*, at the probate sale of *Samuel Davis*, deceased, containing five hundred and eight acres." This description is substantially the same as that in the act of sale from *Wimbish* to the plaintiff, with the exception that the latter gives the boundaries or adjoining estates.

We consider the description sufficient. It states the parish, a stream on which the property lies, the number of acres, and the use made of the property, and recites the origin of *Wimbish's* title, which is shown by evidence to have been by deed recorded in the same parish. No one can suppose that *Baker*, or any other party dealing with *Wimbish*, and examining the records of the mortgage office, could have been deceived. It is said that *Wimbish*, as is shown by the testimony, owned other tracts on the bayou Tunica; but it does not appear that any of them corresponded in size with this, or were cultivated as plantations.

We must also observe that, there are circumstances which go very far to prove actual knowledge by *Baker*, of the mortgage of the defendants. *Baker* was the son-in-law of *Wimbish*, at the date of his alleged purchase, and living

BAKER
*v.*
BANK
OF
LOUISIANA.

in the same parish with him, in which parish the land was. The sale purports to be for $5,000 cash ; and the vendee dispenses the notary from the duty imposed upon him by law, of procuring and annexing a mortgage certificate, and this without any declaration by the vendor that there were no encumbrances. There was a special subrogation to the warranty of *Wimbish's* vendor. In his petition for injunction, *Baker* does not allege ignorance of the mortgage.

The appellees have prayed that the judgment be amended so as to allow them interest and damages, and they are entitled to them.

It is therefore decreed that the judgment of the court below be so amended, that the defendants recover of the plaintiff, *John D. Baker*, and *Stephen C. Cobb*, his surety, *in solido*, the sum of $631 14, bearing interest at ten per cent on the judgment injoined from the service of the injunction to the date of dissolution by the court below ; and the further sum of $150, as special damages ; that the cost of this appeal be paid by the plaintiffs ; and that in all other respects the judgment of the court below be affirmed.