No. 3666.—H. VERGES *v.* PREJEAN & BERNARD.   M. HAYDEL *v.* MRS.
C. KELLER—D. BERGERON, Opponent.   (Consolidated Cases.)

A mortgage retained in favor of the vendor in an act of sale of real estate must be recorded
in the book of conventional mortgages to have effect against third persons.  If it be only
recorded in the book of conveyances, then subsequent mortgages, which have been
regularly recorded in the proper book, will take rank over it in the distribution of the
proceeds of the sale of the property mortgaged.

APPEAL from the Fifteenth Judicial District Court, parish of Terre-
bonne. *Gates,* J. *E. W. Blake,* for appellant. *F. S. Goode,* for
appellees.

HOWELL, J.   The only question presented in this controversy is the
validity of the registry of the mortgage and vendor's privilege retained
by Drausin Bergeron, the third opponent, claiming the proceeds of
property sold under a mortgage granted and recorded subsequent
to his.

The facts of the case are that the act of sale in which Bergeron's
mortgage was retained was registered in the book of conveyances kept
by the recorder of mortgages, but not in the book of conventional
mortgages, as required by law, while the mortgage of Verges, under
which the proceeds were realized, was properly registered.  It is con-
tended, however, by Bergeron, that, because during a period of several
years, embracing the date of his sale, no registry of mortgages was
made in the book of conventional mortgages, the registry of his act of
sale in the book of conveyances must be held to be a compliance with
law and operate the recording of his mortgage and vendor's privilege,
and he quotes several cases as authority to sustain this position.  See
2 An. 438, 800; 5 An. 154.  In those cases no special book for mort-
gages was kept by the recorder and all sales and all mortgages were
inscribed in the same book, and it was properly held that it is only
where separate books are kept that parties can be led astray by an
improper registry.  In the case at bar it is shown that separate books
were kept in the office, but for several years the recorder of the par-
ish failed to make any registry or inscription in the book of conven-
tional mortgages, and the plaintiff, Verges, was misled as to the
alleged registry of Bergeron's mortgage, for before taking his mort-
gage he employed counsel to examine the records, who did so and
obtained a certificate from the recorder that no mortgage upon the
property existed at the time, except one in favor of the said Verges,
which was recognized and included in the one which was enforced in
this proceeding.

The law required that if the act contain a conveyance of real estate
without a mortgage, it should be recorded in a book of conveyances;
if it contain a conveyance of real estate, together with a mortgage, it
should be recorded *both* in said book of conveyances and in a book of

conventional mortgages.   Bergeron's act contained a sale of real estate together with a mortgage, and was recorded in the book of conveyances, but not in the book of conventional mortgages, *then in the recorder's office.*   Hence his mortgage had no effect against third persons.   21 An. 427; Acts of 1855, page 407, sections 13 and 14, page 335, sections 1 and 2; C. C. 3314, 3332.

It is therefore ordered that the judgment appealed from be reversed and that there be judgment in favor of plaintiff, H. Verges, decreeing him entitled to the proceeds of the sale of September 7, 1867, in satisfaction of his judgment with mortgage against defendants, Prejean & Bernard, with costs in both courts.