## J. T. JOHNSON *v.* M. J. JOHNSON.

CORRECTION OF DEED. *Mistake. Statute of Frauds.* In a case where the
vendor by mistake conveys to the purchaser a lot of a different num-
ber from the one actually sold to him, the jurisdiction of a court of
equity to reform the deed so as to make it embrace the lot actually
sold, is clear and undisputed. Nor does the statute of frauds, in such
a case, intervene to bar the relief sought.

· Case cited: Bailey *v.* Bailey, 8 Hum., 233.

### FROM HAMILTON.

Appeal from the Chancery Court.

No record found.

NICHOLSON, C. J., delivered the opinion of the court.

In June, 1867, J. T. Johnson being the owner of
parts of lots Nos. 30 and 44, in Chattanooga, for
valuable consideration executed a deed to M. J. John-
son, describing the lots as Nos. 30 and 42, but in-
tending by his deed to convey his interest in lots Nos.
30 and 44. He had no interest in lot No. 42, and
immediately after the conveyance put M. J. Johnson
in possession of lot No. 44, the one he supposed he
had conveyed, but which, by mistake, he described as
lot No. 42. After M. J. Johnson had been in pos-
session of lots No. 30 and 44 for some years, J. T.
Johnson discovered the mistake, and pretended to con-
vey his interest in lot No. 44 to one McGlohen, who

knew of the mistake made in his deed to M. J. Johnson, and afterwards McGlohen conveyed the same to Miller, who claims to be an innocent purchaser for value without notice, but who fails to avail himself of that defense by such special averments as entitle him to its benefits.

M. J. Johnson filed his bill upon these facts to correct the mistake, and to reform her deed from J. T. Johnson. The Chancellor dismissed her bill upon the ground, as we suppose, that he regarded it as a contract for lands falling within the statute of frauds.

In this we are of opinion he was in error. The rule in such cases is thus laid down in *Baily* v. *Baily*, 8 Hum., 233: "The jurisdiction of courts of equity to correct mistakes in deeds, or other instruments, or to reform them when they do not carry out the intentions of the parties in making them, is not to be questioned; but, to entitle the party to their relief, the proof must be clear, certain, and satisfactory. It is laid down in several cases of unquestionable authority that such relief will only be afforded when express evidence can be adduced of the certain intention of the parties at the time of the execution of the deed or other instrument sought to be reformed."

The proof in this case brings it clearly within the rule here laid down. It is not a case within the statute of frauds. The parties entered into a contract for the specific lots of land, and a conveyance is made and signed by the party to be charged, but by mistake one of the lots is misdescribed, and thereby the intention of the parties was defeated. The descrip-

tion of the lot included in the deed points to the lot intended to be conveyed in every respect, except as to its number in the plan of the city, and this misdescription is clearly shown to have been a mistake. There are no creditors nor purchasers for valuable consideration without notice in the case who are in a condition to interpose objection to the relief sought. The decree will be reversed, and a decree entered here for complainants, with costs.