## No. 717.

### BETTY A. THORNHILL ET AL. VS. EDMUND BURTHE.

The validity of a mortgage will not be affected by an error in the number of the "*range*" in which the property covered by the mortgage is situated, if the property is otherwise described in the mortgage with such certainty as to clearly identify it.

APPEAL from the Eleventh Judicial District Court, parish of Claiborne. *Trimble*, J.

*George & Taylor*, for plaintiffs and appellants.

*J. C. Egan* and *J. S. Young*, for defendant.

The opinion of the court was delivered by

MANNING, C. J. Thomas H. Brown sold a tract of land in Claiborne parish to J. A. Chaleson on the twenty-ninth of January, 1866, and retained a special mortgage upon it to secure the price. There is nothing in this badly-prepared transcript to shew that this deed was ever recorded. Appended to it is the statement by B. D. Harrison, deputy recorder, that one of the witnesses to the deed had appeared before him, and made oath to its execution, which statement is dated January thirtieth, 1866, but there is no certificate that it had been recorded. All the parties to this suit, however, and their counsel, treat it as recorded, and we shall follow their example.

On the twentieth of December, of same year, Chaleson executed other notes in lieu of those recited in the act of sale, and gave a special mortgage upon the same land to secure them, which was recorded on the eighteenth day of February, 1867.

Brown sold these notes to one Bryant on March 6, 1867, who sold them to P. J. Pavy & Co., on March 24, 1871, who in their turn sold them to the defendant on the twenty-sixth of May of same year, and he instituted suit upon them, and on the third of May, 1873, judgment was rendered in his favor against Chaleson for their amount, subject to specified credits, and the mortgage, of date December 20, 1866, and recorded February 18, 1867, was recognized.

Previous to this, viz.: on November 1, 1871, the plaintiffs had obtained a judgment against Chaleson, which they recorded April 26, 1873.

Execution issued upon defendant's judgment for his moneyed demand and for the enforcement of the mortgage which that judgment had recognized, and the land was sold by the sheriff and bought by the defendant on sixteenth of November, 1874.

The plaintiffs institute this hypothecary action to compel the defendant to pay their judgment, or surrender the land to its satisfaction, and they base their demand upon the fact that there was a mis-description of the land in defendant's mortgage, the number of the " range " being different from the proper one, and further, upon the alleged payment of the notes upon which defendant had sued, before the institution of the suit.

Neither ground is tenable. The land is described by numbers of sections, township, and range, and correctly of each except the last, and also by the number of acres, and the further recital is made that the notes secured by the mortgage represent the original purchase-price of the land bought by Chaleson from Brown, and the act of sale yet further designates the land by reference to the title of Brown from his vendor, the date of which is given. There could be no mistake as to the tract of land, its location, or boundaries, and there is no pretense that the plaintiffs were misled. The description in the acts sufficiently identifies it, and perfect certitude is attained when the sheriff and recorder testify that Chaleson had no other land in that parish than the tract sold to him by Brown, mortgaged by him to Brown, and bought by Burthe, the defendant, upon the foreclosure of that mortgage. If the description of a tract of land in an act of mortgage informs the public what property is covered by it, without stating the township or other divisions, it will be sufficient (Consol. Asso. Planters vs. Mason, 24 Annual, 518), as, for example, where it is described as being on a particular river in a named parish, adjoining named proprietors (Ells vs. Sims, 2 Annual, 251), or the bayou upon which it is situated is named with the parish, the number of acres it contains, and reference is made to the conveyance by which the mortgageor acquired it. Baker vs. Bank, 2 Annual, 371; Bank vs. Barrow, 21 Annual, 396. It has been said that a distinction may well be made between urban and rural estates in the minuteness and particularity of detail requisite for a proper and sufficient description of them, a greater accuracy being required for the former than the latter. Bank vs. Denham, 7 Rob. 39. And if a part of the description would mislead, it must be read with and be controlled by other parts which explain it. Marcotte vs. Coco, 12 Rob. 167. The error in the number of the range in the description in defendant's mortgage was cured by other descriptive parts thereof, which left no doubt of the particular tract that was intended to

Betty A. Thornhill vs. Burthe.

be mortgaged. The mortgage of plaintiffs was judicial. The inscription of their judgment affected no land of Chaleson except that situated in Claiborne parish. The only land he had in that parish was bought from Brown, and was subject to the mortgage of defendant, which he had acquired by mesne conveyances from Brown, and which secured the payment of notes that represented the purchase-price of the land.

The other ground upon which plaintiffs rely is weaker than that just disposed of. It is that Pavy & Co. were the commission merchants of Chaleson, and their purchase of his notes was in reality a payment of them. On the contrary, the three sales of the notes by which the defendant eventually became their owner, were made by notarial act, with much formality and precision of style and statement, and conclusively negative any construction, such as that adopted by plaintiffs. It is not a matter of doubt upon a fact, nor is it an inference of law, or a legal presumption that we have here to deal with. The recitals in all three acts declare in explicit and unmistakable language what they were intended to be, and what they are.

The transcript of this suit is discreditable to the officer who prepared it, or had it prepared. Rule I. of this court prescribes with particularity how transcripts should be prepared. The directions to the clerks therein given can scarcely fail to be understood, and those rules are accessible to all officers of the courts. Ignorance alone does not explain or account for the preparation of this transcript. Its slovenliness can only be accounted for by negligence. The writing is not a fair and legible hand, the documents, with their superscriptions and filings, are crowded together in undistinguishable confusion, the order of succession in which the documents are placed, or rather the want of order and arrangement, perplex us at every step in its examination, and there is no note of evidence whatever. The Rule I. provides that transcripts not prepared in accordance with the directions therein contained will be returned, and a new one ordered to be made at the expense of the clerk whose duty is to make it. It may be necessary to enforce this rule hereafter.

The judgment of the court was for the defendant, and

It is ordered, adjudged, and decreed that the judgment of the lower court is affirmed with costs.

Mr. Justice Egan recused himself in this case.