In re Richard Allen HUNT and Freida Byrd Hunt, individually and d/b/a First Town Construction, Debtors.

MOUNTAIN EMPIRE BANK, Plaintiff,

v.

William L. LANCASTER, III, Trustee, Defendant.

and

VALLEY FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff,

v.

MOUNTAIN EMPIRE BANK and William L. Lancaster, III, Trustee, Defendants,

The Paty Company, Intervenor.

Bankruptcy No. 3–81–01532.

Adv. No. 3–81–0912, 3–81–0964.

United States Bankruptcy Court, E. D. Tennessee.

March 8, 1982.

Robert B. Carter, Johnson City, Tenn., for Mountain Empire Bank.

Ferdinand Powell, Jr., Johnson City, Tenn., for William L. Lancaster, III, Trustee.

Judson D. Thornton, Jonesboro, Tenn., for Valley Federal Sav. and Loan Ass'n.

Stephen E. Fox, Johnson City, Tenn., for The Paty Co.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

These consolidated proceedings involve the validity and priority of liens on real property. The Valley Federal Savings and Loan Association and the Mountain Empire Bank assert lien rights under recorded deeds of trust. The Paty Company asserts a materialmen's lien under Tennessee Code Annotated 64–1101 et seq. The trustee invokes the rights of a judicial lien creditor and bona fide purchaser under 11 U.S.C. § 544. The property involved is Lot 39 of the Green's Hill Estates Subdivision as shown by map or plat of record in Plat Book 8, page 40, Register's Office for Washington County, Tennessee. By consent of all litigants, the property was sold by the trustee at public auction on January 23, 1982, for $38,000.00 with the rights of the parties attaching to the proceeds. See Order Authorizing Sale, December 11, 1981; Trustee's Report of Sale, January 29, 1982; Order Confirming Sale, February 22, 1982.

I

■ On May 7, 1981, the debtor, a builder, executed a deed of trust to the plaintiff, Mountain Empire Bank (Bank), conveying

Lot 39 of the Green's Hill Estates Subdivision to a named trustee to secure a note payable to the Bank in the amount of $32,675.88 (Exhibit 2). Additional collateral including other lots was also pledged. At the time of the debtor's bankruptcy on October 7, 1981, the Bank had instituted foreclosure proceedings pursuant to its deed of trust.[1]

Valley Federal Savings and Loan Association (Valley Federal) also holds a claim against the debtor. On May 20, 1980, Valley Federal had agreed to loan the debtor $48,000 for the construction of a dwelling. As security for the loan, the debtor executed and delivered to Valley Federal a deed of trust on Lot 38 of the Green's Hill Estates Subdivision (Exhibit 12). Valley Federal alleges that the parties, by their mutual mistake, erroneously described Lot 38 when the same should have been Lot 39. Valley Federal insists that "the mistake would not have been made but for their ignorance, forgetfulness or inadvertance and further, that both parties were ignorant of the mistake that had been made and did continue in that mistake through and including the time of the filing of the above petition in bankruptcy in this court."

Valley Federal asks the court to reform its deed of trust to reflect the intention of the parties and to declare and find that it holds a first lien on Lot 39 (instead of Lot 38) as of May 20, 1980.

In an Answer filed December 17, 1981, the trustee in bankruptcy, asserting rights under § 544(a) of the Bankruptcy Code, responds that he has, as of the commencement of the bankruptcy case, "the rights and powers of, or may avoid any transfer of property of the debtor" that is voidable by a judicial lien creditor or a bona fide purchaser for value, without notice of the alleged equitable defect in the deed of trust.

Further, the trustee says that Valley Federal has no legal or equitable right to have the deed of trust reformed, altered or changed in violation of the trustee's rights as a judicial lien creditor and as a bona fide purchaser for value without notice.

At the trial of these proceedings, February 1, 1982, the trustee conceded the validity and priority of the lien held by the Mountain Empire Bank, the Bank's lien having attached May 7, 1981, and the trustee's rights having vested as of October 7, 1981. 11 U.S.C. § 544(a).

On December 21, 1981, The Paty Company was permitted to intervene. Paty asserts that it furnished building materials and supplies to the debtor which were incorporated into the improvements to Lot 39 and is therefore entitled to statutory lien rights pursuant to the materialmen's lien statute. Paty says its lien claim totaling $2,426.79 should be paid from the proceeds of the sale. Valley Federal and the trustee challenge the validity of Paty's asserted lien averring that Paty did not file a notice of lien within the time prescribed by the controlling statute.

## II

Records in the office of the Register of Deeds for Washington County, Tennessee, reflect that a deed of trust on Lot 39 is held by Mountain Empire Bank. The records further reflect that Valley Federal holds a recorded deed of trust on Lot 38. Mountain Empire's lien rights in Lot 39 are therefore superior to the rights of Valley Federal. See T.C.A. 64–2401, 2601, 2603; *Lancaster, Trustee v. Key*, —— B.C.D. —— (E.D.Tenn. 1982). Further, the trustee's rights are superior to the rights of Valley Federal. 11 U.S.C. § 544(a).[2] Valley Federal has cited

---

1. A foreclosure sale was scheduled for October 7, 1981. The filing of the bankruptcy petition on that date stayed the scheduled sale. 11 U.S.C. § 362(a).

2. "Trustee as lien creditor and as successor to certain creditors and purchasers.

　(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor,

the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

　(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple

no authority to the court authorizing reformation of its deed of trust as against a third party (Mountain Empire Bank) or a judicial lien creditor or a bona fide purchaser for value without notice (the trustee in bankruptcy). Absent the intervening rights of others, a court of equity would reform the instrument under the facts of this case. See *Johnson v. Johnson*, 67 Tenn. 261 (1874). Other rights have intervened, however, and reformation cannot be granted.

### III

In July and August 1980 Paty furnished materials that were incorporated into the structure. (Coll. Exhibit 17). In January 1981 the debtor abandoned the project.[3] On October 27, 1981, Paty filed notice of lien in the Register's Office for Washington County (Exhibit 22).

Paty contends that the house was completed in January 1981; that pursuant to T.C.A. 64–1106 it had one year to enforce its lien; and that the filing on October 27, 1981, was within the statutory time. The trustee responds that the project was not complete in January 1981, when the project was abandoned; therefore, Paty had only 90 days to file its notice of lien.

> contract could have obtained a judicial lien, whether or not such a creditor exists;
> (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; and
> (3) a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists." 11 U.S.C. § 544(a).

**3.** "A building, structure or improvement shall be deemed to have been abandoned for purposes of this chapter when there is a cessation of operation for a period of sixty (60) days and an intent on the part of the owner or contractor to cease operations permanently, or at least for an indefinite period." T.C.A. 64–1112.

**4.** "Sworn statement in lieu of registration of contract.—In order to preserve the virtue of the lien, as concerns subsequent purchasers or en-

T.C.A. 64–1105 and 1106 provide that a materialmen's lien as to the owner continues for one (1) year after the work is finished or materials furnished. However, when subsequent purchasers or encumbrancers are involved, T.C.A. 64–1112 controls.[4]

Paty is in error in insisting that the house was complete in January 1981. The proof is abundantly clear that the house was not complete at that time but only 70–75 percent complete, with major construction work and installations remaining. Paty, therefore, cannot rely upon T.C.A. 64–1106. Instead, Paty was required to comply with the requirements of T.C.A. 64–1112. Paty's notice of lien was not filed within the stated statutory period.

### IV

Under the facts and law of this case, the court concludes—

(1) Valley Federal's deed of trust cannot be reformed;

(2) Mountain Empire Bank holds a first lien against Lot 39;

(3) Paty failed to perfect a materialmen's lien within the statutory time; and

cumbrancers for a valuable consideration without notice thereof, though not as concerns the owner, such lienor, who has not so registered his contract, is required to file for record in the office of the register of deeds of the county where the premises, or any part affected lies, a sworn statement similar to that set forth in § 64–1117, and pay the fees; the register to file, note and record same, all as in said section stipulated. Such filing for record is required to be done within ninety (90) days after the building or structure or improvement is demolished, altered and/or completed, as the case may be, *or is abandoned and the work not completed* or the contract of the lienor expires or is terminated or he is discharged, prior to which time the lien shall be effective as against such purchasers or encumbrancers without such registration. A building, structure or improvement shall be deemed to have been abandoned for purposes of this chapter when there is a cessation of operation for a period of sixty (60) days and intent on the part of the owner or contractor to cease operations permanently, or at least for an indefinite period." (Emphasis added). T.C.A. 64–1112.

(4) Paty and Valley Federal hold unsecured claims.

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 752.