**In re CENTRAL & SOUTHERN TRUCK LINES, INC., Debtor.**

**Bankruptcy No. 81–21642.**

United States Bankruptcy Court, W.D. Tennessee, W.D.

Sept. 23, 1983.

Charles M. Crump, Memphis, Tenn., for First Illinois Bank.

Freeman C. Marr, Memphis, Tenn., trustee.

## MEMORANDUM OPINION AND ORDER

WILLIAM B. LEFFLER, Bankruptcy Judge.

In this Chapter 7 case a creditor, First Illinois Bank (hereinafter referred to as "the bank"), filed an Application to Reform Mortgage.

The debtor, Central & Southern Truck Lines, Inc., executed a Promissory Note and Real Estate Mortgage on October 30, 1978, to obtain a loan from the bank in the amount of $100,000.00. The mortgage which was recorded in the Recorder's Office of St. Clair County, Illinois, contained a legal description of two parcels (# 1 and # 2) of land which were approximately seven acres in size. On September 27, 1980, the debtor executed a new promissory note

for a loan of $100,000.00 from the bank and pledged as security on the loan an assignment of the above-mentioned real estate note and mortgage.

In an affidavit submitted by the bank, a bank officer maintains that in the negotiations that took place between the agents or employees of the two parties before the above-mentioned instruments were signed, it was agreed that the mortgage would also be on an additional two parcels (# 3 and # 4) containing approximately 90 acres of land. The affidavit further contends that due to an inadvertence, the two additional parcels of land were left off the mortgage that was recorded in 1978. The bank therefore argues that the Court should reform the mortgage to include the two additional parcels of land which would thus give the bank an additional lien on approximately 90 acres with priority over the bankruptcy trustee.

The trustee asserts that the failure to record the mortgage on the two additional parcels of land gives him a lien-creditor status on the two parcels superior to the rights of the bank.

Section 544(a) of the Bankruptcy Code provides:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; and

(3) a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists.

In reference to § 544.02, *Collier on Bankruptcy*, § 544.02 (15th ed. 1982), provides:

It was said [of Sec. 70(c) of the former Bankruptcy Act] that it conferred upon the trustee 'by force of law' the status of 'the ideal creditor', irreproachable and without notice, armed cap-a-pie with every right and power which is conferred by the law of the state upon its most favored creditor who has acquired a lien by legal or equitable proceedings.

If the description of the trustee's position under former Section 70c was apt, it is even more so under the broader language of section 544(a). It is evident that this hypothetical status depends for meaning upon a substantive law that is not explicitly indicated but that is incorporated by reference. Therefore, the trustee's powers, in every case governed by section 544(a), are those which the state law would allow to a supposed or hypothetical creditor of the debtor who, as of the commencement of the case, had completed the legal (or equitable) processes for perfection of a lien upon all the property available for the satisfaction of his claim against the debtor.

Accordingly, § 544(a) gives the trustee the status and powers of a judicial lien creditor, a creditor with an unsatisfied execution, and a bona fide purchaser of real property, but state law determines the trustee's rights against third parties claiming an interest in the real property.

It has clearly been recognized that although the trustee's status is conferred by federal bankruptcy law, his rights vis-a-vis other parties are to be determined by state law. See *In re Morse,* 30 B.R. 52, 54 (Bkrtcy.App.1983); *McCannon v. Marston,* 679 F.2d 13 (3d Cir.1982); *In re Gurs,* 27 B.R. 163, 10 B.C.D. 128 (Bkrtcy. 9th Cir. 1983); *In re Minton Group, Inc.,* 27 B.R.

385, 10 B.C.D. 91 (Bkrtcy.S.D.N.Y.1983); *In re Steele,* 27 B.R. 474 (Bkrtcy.W.D.Wis. 1983); *In re Lewis,* 19 B.R. 548 (Bkrtcy.D. Idaho 1982); *In re Vezinot,* 20 B.R. 950 (Bkrtcy.W.D.La.1982); *In re TMIC Industrial Cleaning Co.,* 19 B.R. 397 (Bkrtcy.W.D. Mo.1982); *In re Elin,* 20 B.R. 1012 (D.N.J. 1982); *In re Midwestern Food Stores, Inc.,* 21 B.R. 944 (Bkrtcy.S.D.Ohio 1982) (applying Kentucky law); *In re Toledo,* 17 B.R. 914 (D.C.D.P.R.1982); *In re Richardson,* 23 B.R. 434, 9 B.C.D. 895 (Bkrtcy.D.Utah 1982); *Federal National Mortgage Association v. Westmoreland,* 19 B.R. 130 (Bkrtcy. N.D.Fla.1981); *In re Ireland,* 14 B.R. 849 (Bkrtcy.M.D.La.1981); *In re Gringeri Brothers Transportation Co.,* 14 B.R. 396 (Bkrtcy.D.Mass.1981) (Act case analyzing Act § 70(c)); and *In re Harms,* 7 B.R. 398 (Bkrtcy.D.Colo.1980).

 Under Illinois law, a court can reform a mortgage due to the mutual mistake of the parties only if the mistake which was made in describing the property is such as to put a third party on notice of the mistake. *Edwards v. Schoeneman,* 104 Ill. 278 (1882); *Clark v. Wallick,* 56 Ill.App. 30 (1894).

The Bankruptcy Court in *In re American Mortgage and Financial Company,* 5 B.C.D. 769 (Bkrtcy.N.D.Fla.1979), held that where there is an erroneous description in a recorded mortgage, a reformation of the mortgage will be granted where the trustee, as a lien creditor, after an ordinary, prudent examination of the recorded mortgage would be alerted to a duty to further inquire about the discrepancy in the recorded mortgage.

The Court in *In re Vezinot,* 20 B.R. 950 (Bkrtcy.W.D.La.1982), found that a real estate mortgage which inadvertently contained a description of the wrong lot number was voidable by the trustee under § 544(a) of the Bankruptcy Code and could not be reformed because it did provide a third person with sufficient notice of the mistake. See also *In re Himmelstein,* 5 B.C.D. 288 (Bkrtcy.N.J.1979); *In re Hunt,* 18 B.R. 504 (Bkrtcy.E.D.Tenn.1982); *In re Easterly,* 18 B.R. 749 (Bkrtcy.E.D.Tenn. 1982).

In the present case the mortgage, as recorded in 1978, only refers to parcels # 1 and # 2 and neither gives notice to a third party of a mistake nor in any way describes parcels # 3 and # 4. Since the trustee would have no duty to inquire further, this is not a case for reformation. Therefore, the Court must conclude from the principles set out above that the Application to Reform filed by the First Illinois Bank should be and is hereby denied.

IT IS SO ORDERED.