597 So.2d 165 (1992)
D'ARBONNE BANK & TRUST CO., Plaintiff-Appellee,
v.
Robert C. JAMES & Geraldine P. James, Defendants-Appellants.
No. 23456-CA.
Court of Appeal of Louisiana, Second Circuit.
April 8, 1992.
Rehearing Denied May 7, 1992.
*166 Martha E. Minnieweather, Bastrop, for appellants.
Dawkins, Coyle & Carter by Michael S. Coyle, Ruston, for appellee.
Before LINDSAY, HIGHTOWER and BROWN, JJ.
HIGHTOWER, Judge.
On September 21, 1990, following some six years of litigation between plaintiff, D'Arbonne Bank and Trust Company, and defendants, Robert and Geraldine James, the parties appeared in open court and stated the terms of a compromise into the record. According to its subsequent motion to enforce the agreement, the bank had agreed as part of the settlement to assist in determining the amount and status of a certificate of deposit previously pledged by Mrs. James. About a month later, when the bank's attorney provided a copy of a June 1989 letter, informing defendants that proceeds of the $500 CD had been applied toward a certain indebtedness in February 1984, the Jameses refused to sign the written settlement. After the district court granted judicial enforcement of the compromise, defendants lodged this appeal.
The record before us does not contain a transcript of the compromise recited in open court, notwithstanding that such a document is attached to appellants' brief as an exhibit, and that partial quotations appear in the arguments of both parties. By handwritten note dated May 1, 1991, and entitled "Designation of Record," defense counsel wrote: "We would like to begin our appeal from the August 17, 1990 filings up to today's date. Please prepare a revised cost list and forward same to my office at your earliest convenience."
Consequently, we are presented with only those pleadings and judgments filed on or after August 17, 1990. All previous filings in the trial court and certain transcripts, including a reproduced copy concerning those proceedings occurring on September 21, 1990, are attached to appellants' brief. Yet, for reasons hereinafter indicated, our review must be limited to the record.[1]
When no designation occurs, the record on appeal contains a transcript of all proceedings as well as all documents filed in the trial court. LSA-C.C.P. Art. 2128. However, where the appellant designates only portions of the record, the appeal shall be limited accordingly. LSA-C.C.P. Art. 2129. Appellate briefs are not part of that record, and facts referenced therein, but *167 not contained in the record, cannot be considered. Tranum v. Hebert, 581 So.2d 1023 (La.App. 1st Cir.1991), writ denied, 584 So.2d 1169 (La.1991); State ex rel. Guste v. Thompson, 532 So.2d 524, 527 n. 2 (La.App. 1st Cir.1988). Nor does an attachment to a litigant's brief constitute part of the record on appeal. Louisiana Bus. College v. Crump, 474 So.2d 1366 (La.App.2d Cir.1985); Shepherd v. City of Baton Rouge, 588 So.2d 1210 (La.App. 1st Cir. 1991). See also Tranum, supra; State ex rel. Guste, supra.
Appellants faced a duty to furnish this court, in reviewable form, those facts presented to the district judge concerning the parties' compromise and its resultant terms. See LSA-C.C.P. Arts. 2128, 2130. When such a responsibility is not fulfilled, our review is constrained to a determination of whether the trial court applied the correct law to discernible facts in the record. Brown v. Brown, 595 So.2d 337 (La.App. 2d Cir.1992); State, through DHHR v. Simmons, 521 So.2d 749 (La. App. 2d Cir.1988); Smith v. Gilmer, 488 So.2d 1143 (La.App. 2d Cir.1986).
The facts properly before us, then, show simply that the parties entered into an on-the-record settlement, the terms of which do not appear in reviewable form. According to district court minutes, on December 21, 1990, after concluding a hearing to enforce such an agreement, the trial judge ordered defendants to execute written documents within 72 hours or face judicial enforcement. Subsequently, in a judgment signed on January 14, 1991, the court decreed implementation of the compromise.
Based upon discernable facts in the record, the district court committed no legal error. Contrary to the contentions of defendants, upon recitation of a compromise agreement in open court, each party acquires the right of judicial enforcement. LSA-C.C. Art. 3071. We further note that, preceding the date of the asserted compromise, none of the pleadings before us reflect any controversy regarding the certificate of deposit. Moreover, both briefs indicate appellants are now pursuing the issue in a separate action.
At appellants' cost, the judgment is affirmed.
AFFIRMED.

APPLICATION FOR REHEARING
Before NORRIS, LINDSAY, HIGHTOWER, BROWN and STEWART, JJ.
Rehearing denied.
NOTES
[1] Indeed, save where otherwise expressly noted, the factual background stated in this opinion is derived from appellants' brief.