BERNARD N. MARCANTEL, Judge, Pro Tem.
The issues presented on appeal are whether the trial court erred in (1) refusing to acknowledge the existence of a number of genuine issues as to material fact; (2) denying plaintiffs’ entitlement to the recognition of a vendor’s lien; (3) denying plaintiffs’ alternative right to the dissolution of the sale to the Caldareras; and, (4) considering the payments made by plaintiffs, because of the Caldareras’ default, as damages for which no recovery could be allowed against Investors-Ryan.
On January 28, 1988, William D. Woodward and his wife (hereinafter plaintiffs) brought suit against Peter and Kim Calda-rera (hereinafter Caldareras) and Investors-Ryan for the recognition of a vendor’s lien, the payment of the balance of the purchase price, the dissolution of the sale *857 of an immovable, and the assessment of damages.
The Caldareras and Investors-Ryan filed answers and claimed that plaintiffs had entered into two separate settlements which operated as a release of all of plaintiffs’ rights. Also, Investors-Ryan filed a third-party demand, or call in warranty, against Peter Caldarera and a demand for indemnification against Carmouche, Gray & Hoffman, the law firm which had rendered a title opinion concerning its purchase of The Ryan.
Both Investors-Ryan and the Carmouche firm pleaded peremptory exceptions of res judicata which were heard and denied by the trial court on October 11, 1989.
In response, the Carmouche firm filed an answer and a reconventional or third-party demand against Investors-Ryan, alleging that Paul E. Palmer, the former partner responsible for the title opinion and now a partner of Investors-Ryan, acted as a mandatory or agent for the latter and, that, therefore, the action was prescribed.
Investors-Ryan filed a motion for continuance which became moot as the presiding judge recused himself a few days before the trial date on January 2, 1990. The Honorable W. Ellis Bond was then assigned and allowed Investors-Ryan to amend its third-party demand by adding Attorneys Liability Assurance Limited, the legal malpractice carrier for the Car-mouche firm, as a defendant.
On May 15, 1990, Investors-Ryan filed its motion for summary judgment, to which the insurer of the Carmouche firm filed a number of dilatory and peremptory exceptions.
Both the motion for summary judgment and the exceptions were heard on June 21, 1990, before Hon. E. Woody Thompson, Judge Pro Tempore, who presided during Judge Bond’s absence. Judge Thompson granted the motion for summary judgment and upheld the malpractice carrier’s dilatory exception pending arbitration in a written ruling signed on July 5, 1990. A final judgment was subsequently entered by Judge Bond on July 19, 1990.
Plaintiffs filed a motion for a new trial, which was denied, and plaintiffs timely filed a devolutive appeal.
FACTS
Plaintiffs, Dr. Melvin Gold, now deceased, and the Caldareras owned contiguous lots along Ryan Street in the City of Lake Charles and developed them into a strip shopping center known as “The Ryan.” On June 17, 1982, plaintiffs and Gold sold their one-third interest to the Caldareras for $24,000.00 in cash and, for the balance, the Caldareras assumed certain debts owed to the Gulf National Bank and the American Bank of Commerce. Neither of these notes were secured by a mortgage. Both assumption deeds were filed in the records of the Clerk of Court of Calcasieu Parish on September 24, 1982, but were recorded only in the conveyance records.
On September 27, 1983, the Caldareras sold a portion of The Ryan to Investors-Ryan, an ordinary Louisiana partnership, for $900,000.00 in cash.
The debt at Gulf National Bank was satisfied, but the debt owed American Bank of Commerce remained unpaid. Plaintiffs were then sued for the entire bank debt.
On January 16, 1985, plaintiffs, Calda-rera, American Bank of Commerce, Calca-sieu Marine National Bank, and the Car-mouche firm executed a release and compromise agreement. In this agreement, the parties agreed to contribute certain sums in order to compromise certain lawsuits, to prevent bankruptcy and to settle other litigation in which the Caldareras were involved.
On January 23, 1985, Gold and plaintiffs executed an agreement whereby Gold assigned to plaintiffs all claims, demands and causes of action against American Bank of Commercé, Calcasieu Marine National Bank, the Carmouche firm, and the Calda-reras which arose out of the assumption deeds, the indebtedness to Gulf National Bank, the indebtedness to American Bank of Commerce or Calcasieu Marine National Bank.
*858 As shown by the record, on April 18, 1987, the promissory note to American Bank of Commerce in the amount of $791,-200.00 was marked paid in full.
LAW
Plaintiffs first contend that the trial court erred in sustaining defendants’ motion for summary judgment. The rules regarding the use of the procedural vehicle of summary judgment, La.C.C.P. arts. 966 and 967, are well settled. Our task in this appeal is to determine whether there are genuine factual disputes material to plaintiffs’ right to the recognition of a vendor’s lien, dissolution of the sale, and/or damages from these defendants.
Reviewing the record in its entirety, we find that the record contains sufficient facts to support an affirmance of the trial court’s judgment. We will discuss these facts more fully below while addressing the assignments of error asserted by plaintiffs.
Plaintiffs contend the trial court erred in not recognizing their entitlement to a vendor’s lien on the property at issue. There is no dispute that plaintiffs filed the assumption deeds assumed by the Calda-reras as part of the payment for The Ryan in the conveyance records of the Clerk of Court of Calcasieu Parish on September 24, 1982. The question that arises, which is a matter of law, is whether the filing of these assumption deeds, which were recorded in the conveyance records only, is the same as duly recording them at the office for recording mortgages, which is required to enforce a vendor’s privilege against a third party. La.C.C. arts. 3271, et seq.
The assumption deeds do not contain mortgage language and, therefore, unless specifically requested by the plaintiffs, the clerk would not have known or been required to file the deeds in the mortgage records. La.R.S. 44:131.
It has been held in Verges v. Prejean & Bernard, 24 La.Ann. 78 (New Orleans 1872) that, even though an act of sale containing a mortgage is filed in the conveyance records, if it is not filed in the mortgage records, the mortgage has no effect against third parties. Therefore, after considering the law and jurisprudence, this court affirms the trial court judgment that a vendor’s privilege did not exist on the property sold by plaintiffs and Gold to the Caldareras and, subsequently, to defendant, Investors-Ryan.
Next, the plaintiffs contend that the trial court erred in denying them the right to dissolution of the sale of The Ryan to the Caldareras. After a close reading of the release and compromise agreement signed by the parties on January 16, 1985, it is this court’s opinion that plaintiffs lost the remedy of dissolution by waiving it in Part III of this agreement. The releases with reservation of rights states:
“A. The parties hereto desire to compromise, settle and terminate forever Suit 1 and Suit 2 and any and all other controversies and claims between and among any of them or their respective subsidiaries or affiliated companies, or anyone claiming under or through them, or may claim against any of them, including their respective heirs, successors, assigns, subsidiaries, affiliated companies, trustees, administrators, agents, beneficiaries, officers, directors, shareholders, employees, and/or attorneys, whether past, present or future, whether arising in contract or in tort, under state or federal laws or regulations, or under any other law or regulation of any nature or kind of any jurisdiction, in any manner arising from or related to, directly or indirectly those matters described in the Judgment, the Title Opinion, the Resolu-tory Condition, the Calcasieu debt, the American Debt, Suit 1, Suit 2 and the Loan Agreement. Provided, however, there is excepted from this act the right of CALCASIEU and AMERICAN to proceed by suit or otherwise against CAL-DARERAS, subject to the terms of this act, should the Calcasieu Debt and the American Debt, as restructured herein, not be timely paid by CALDARERAS. For greater explanation of the reservation of rights by CALCASIEU and AMERICAN, see Article V of this Act.”
*859 Therefore, plaintiffs lost their remedy of dissolution of the sale when they signed the agreement.
Plaintiffs’ last assignment of error states that the trial court erred in not allowing them to recover damages from defendants when the Caldareras defaulted on the original assumption and plaintiffs had to make payments. We find that the record is devoid of any evidence which shows that defendants would be responsible to plaintiffs for damages.
Plaintiffs further contend that, even if they individually settled with American Bank, this should not deprive them of a right to bring an action against defendants as assignees of Gold.
The trial court stated that the cause of action seeking dissolution of the sale from Gold to the Caldareras was extinguished. The record shows that the original note to American Bank in the amount of $791,200.00 was marked “Paid In Full” dated April 18, 1987. Performance by the obligor extinguishes the obligation. La. C.C. art. 1854. Therefore, this issue is moot.
For the reasons assigned, the judgment of the trial court is affirmed at plaintiffs-appellants costs.
AFFIRMED.