WILLIAM A. CULPEPPER, Judge.
The sole issue in this appeal is the correctness of the trial court’s sustaining Patricia Lumpkin’s exception of no cause of action during the trial on the merits. We affirm.
FACTS
This appeal arises from a suit on an open account. Plaintiff, Karl Boellert, filed this suit for payment of $30,948 of attorney fees allegedly owed to him by Brent and Patricia Lumpkin. Boellert alleges he had rendered legal services to defendants in connection with business dealings from March 1987 through August 1990. He made periodic demands for payment during the performance of his services and payments of various amounts were made. The Lumpkins never discharged Boellert from his representation of them. On October 2, 1991, Boellert’s attorney made a formal demand for payment on defendants. This suit followed.
Defendants filed an exception of prescription which was referred to the merits. At trial, plaintiff presented his case and rested. Then defendants presented their case, filed an exception of no cause of action on behalf of Patricia Lumpkin, and rested. Plaintiff presented his rebuttal and the matter was taken under advisement by the trial judge.
Subsequently, the trial judge maintained Patricia Lumpkin’s exception of no cause of action, insofar as it affects her separate property, but rendered judgment in favor of Boellert against Brent W. Lumpkin. Boellert appeals the judgment dismissing his suit against Patricia Lumpkin.
OPINION
No Cause of Action
Boellert contends on appeal that the trial judge erred in granting the exception based on the evidence adduced at trial, instead of on the pleadings only. He also argues that he should have been permitted to present evidence to overcome the exception in a new trial on the issue of Patricia’s liability.
The appellant errs in arguing the technicalities of the exception of no cause of action. The defendant and the trial judge clearly mislabeled the motion. Indeed, there was some confusion as to whether it should be a no cause or a no right of action. Actually, it should have been labeled a motion for an involuntary dismissal, pursuant to LSA-C.C.P. art. 1672, and we recognize it as such. The nature of a pleading must be determined by its substance, not its caption. Bonaventure v. Pourciau, 577 So.2d 742 (La.App. 1st Cir.1991); Moore v. Shell Oil Co., 228 So.2d 205 (La.App. 3d Cir.1969), writ refused, 255 La. 278, 230 So.2d 587 (1970).
Patricia’s exception of no cause of action was raised after Boellert had presented his case at trial. The trial judge ruled that, based on the pleadings and the testimony presented, Boellert had not proven a “right or cause of action” against Patricia Lump-kin personally or against her separate property. Clearly, the defendants and the trial judge meant that Boellert had not carried his burden of proving his claim against Patricia by a preponderance of the evidence. Therefore, this court will not overrule the judgment on technicalities of labels. However, we will consider Boellert’s appeal from the perspective of an appeal *433 from a judgment on a motion for an involuntary dismissal.
MOTION TO DISMISS
In non-jury cases, the appropriate standard for the trial court’s determination of a motion to dismiss is whether the plaintiff has presented sufficient evidence on his case-in-chief to establish his claim by a preponderance of the evidence. In making its determination, the trial court is not required to review the evidence in the light most favorable to the plaintiff, but is only required to weigh and evaluate all of the evidence presented up to that point and grant a dismissal if the plaintiff has failed to establish his claim by a preponderance of the evidence. On review, a dismissal based on LSA-C.C.P. art. 1672(B) should not be reversed in the absence of manifest error. Shafer v. State, Through D.O.T.D., 590 So.2d 639 (La.App. 3d Cir.1991), and cases cited therein.
Unfortunately, appellant specifically designated only a very limited portion of the trial record to be transcribed for appellate review. The transcript of the trial proceedings was not designated for inclusion in the record on appeal except for the trial judge’s brief oral reasons for judgment. Therefore, our review is constrained to a determination of whether the trial judge applied the correct law to discernible facts in the record. LSA-C.C.P. art. 2129; D’Arbonne Bank & Trust Co. v. James, 597 So.2d 165 (La.App. 2d Cir.), writ denied, 604 So.2d 1000 (La.1992), and cases cited therein; Preuett v. Preuett, 517 So.2d 848 (La.App. 3d Cir.1987). When there are factual issues involved and the record contains neither a transcript of testimony nor a narrative of facts, there is nothing for appellate review. Under such circumstances, we must presume that the judgment of the trial court is correct and supported by sufficient competent evidence. Preuett v. Preuett, supra; Miller v. Miller, 480 So.2d 789 (La.App. 3d Cir.1985), writ denied, 481 So.2d 1337 (La.1986), and cases cited therein.
In the case before us, there is neither a transcript of testimony nor a narrative of facts. The trial judge apparently determined that the debt is Brent’s separate obligation and/or a community obligation for which the separate estate of Patricia Lumpkin is not responsible. LSA-C.C. art. 2345; Ford Motor Credit Co. v. Corbello, 482 So.2d 203 (La.App. 3d Cir.), writ not considered, 484 So.2d 132 (La.1986). This is a factual issue.
The evidence in the record on appeal shows Boellert’s detailed records of accounts receivable under Brent W. Lump-kin’s name only. The details of the services rendered refer to the “client” rather than the “clients”. We note that Boellert designated service of process on Brent W. Lumpkin only. All correspondence by Boellert and, subsequently, by Boellert’s attorney has been directed to Brent W. Lumpkin only. The sole references to Patricia Lumpkin are where, in his efforts to collect his fees, Boellert directs Brent to have Patricia cosign a mortgage and a promissory note. Finally, the invoices refer to Brent’s business interests, and a promissory note.
After thoroughly reviewing the very limited record on appeal, we find that Boellert has failed to offer us sufficient evidence to overcome the presumption of correctness bestowed upon the trial court’s judgment. Therefore, the judgment of the trial court is affirmed.
DISPOSITION
For the reasons given, the judgment of the trial court dismissing plaintiff’s suit against Patricia Lumpkin is affirmed. Costs of this appeal are assessed to plaintiff-appellant, Karl E. Boellert.
AFFIRMED.