LMARVIN, Chief Judge.
After instituting executory process to enforce an “authentic act of mortgage” on a Caddo Parish residential lot, the Commissioner appeals a judgment ranking the mortgage below tax liens and judgments against the debtor which were recorded in the mortgage records before the mortgage was recorded. The judgment was rendered on the Commissioner’s rule to “Rank Mortgages, Liens and Privileges” that was filed after the Commissioner was notified of the ranking by Caddo Parish authorities.
The Commissioner contends that because his predecessor in interest, a life insurance company, had the debtor (Terrell) execute simultaneously, on July 10, 1989, as “vend-ee,” an act of “sale of property” (conveyance record reg. no. 01236022, filed at 4:13 p.m.), and as “borrower,” a “mortgage” (mortgage record reg. no. 01236025, filed at 4:25 p.m.), both recorded July 12, 1989, affecting the property, the mortgage he seeks to enforce should be equated to a “vendor’s lien and privilege” that would outrank the earlier recorded tax liens and judgments.
We affirm. C.C. Arts. 3249, 3271. Woodward v. Investors-Ryan, 600 So.2d 855 (La. App. 3d Cir.1992), writ denied.
FACTS
On July 10, 1989, Independence Life Insurance Company sold to Roy M. Terrell for $264,000 a residential lot. In the printed act of sale, Independence Life appeared as vendor and Terrell as vendee. The purchase price was stated as simply “TWO HUNDRED SIXTY-FOUR THOUSAND laAND NO/100,” without qualification whether or not all or any part of the price was owed or paid.
Simultaneously, Terrell executed a note entitled “Adjustable Rate Note,” and a rider denoted “Adjustable Note Rider,” in favor of Independence Life for the amount of the purchase price, $264,000. This note was secured by an instrument called “Mortgage” on the property for the amount of the purchase price, dated July 10, 1989. The note is referred to in the Mortgage, and the rider bears language incorporating itself into the Mortgage. There is no mention of the note in the act of sale, or vice versa.
Rountree Oldsmobile-Cadillac Company, Inc. recorded its money judgment against Terrell on January 25, 1989, months before the act of sale of the lot to Terrell and the mortgage executed by Terrell were recorded.
On April 6, 1990, Independence Life was legally placed in liquidation. The Commissioner of Insurance was ordered to take possession and control of the property, business, books, records, and accounts of Independence Life. On December 26, 1991, the Commissioner filed his petition for executory process, seeking to foreclose on the “mortgage” to Independence Life. Judicial sale was set for April 27, 1993, on which day counsel for the Commissioner received notice of the ranking of which it complained in the rule. The rankings were made chronologically in a mortgage certificate executed by the Caddo Parish Clerk of Court.
DISCUSSION
The Civil Code states:
13Creditors who have a privilege on immov-ables are: 1. The vendor on the estate by him sold, for the payment of the price or so much of it as is unpaid, whether it was sold on or without credit.
Art. 3249, paragraph 1.
The vendor of an immovable only preserves his privilege on the object, when he has caused to be duly recorded at the office for recording mortgages, his act of sale, in the manner directed hereafter, whatever may be the amount due to him on the sale.
Art. 3271, our emphasis.
The Commissioner argues that the asserted vendor’s privilege arises automatically by operation of law under C.C. Art. 3249, and suggests that anyone looking at the act of sale and the mortgage in the conveyance and mortgage records should have seen that the transaction was in the nature of a credit sale and would have been put on notice that a vendor’s privilege had attached. We note that the Commissioner’s petition for *447 executory process does not allege “vendor’s lien” or “vendor’s privilege,” but only “mortgage.”
We agree that the vendor’s privilege may be created by the mere act of selling an immovable “on or without credit.” Art. 3249. In order to preserve the created privilege as against third parties, the vendor wishing to assert this privilege must comply with the requirements of Art. 3271.
The act of sale was not recorded in the mortgage records, but only in the conveyance records, according to this record. We have no evidence that shows otherwise. Our review is constrained to a determination of whether the trial court applied the correct law to discernible facts in the record. See generally C.C.P. Arts. 2128-2130; D’Arbonne Bank & Trust Co. v. James, 597 So.2d 165 (La.App. 2d Cir.1992), writ denied.
|4The Commissioner asserts in his appellate brief that the act of sale was recorded in the mortgage records. Appellate briefs are not part of the record, and facts asserted in a brief, but not contained in the record, cannot be considered. D’Arbonne, supra, emphasis in original.
As we have noted, the price paid for the lot in the sale was simply $264,000. Whether this price was wholly or partly on credit is simply not shown in the act. Filing such an act of sale in the conveyance records is not equivalent to filing it in the mortgage records. Woodward, supra; Verges v. Prejean & Bernard, 24 La.Ann. 78 (New Orleans 1872). Because Independence Life failed to comply with Art. 3271, the vendor’s privilege which arguably may have been created was not “preserved.” Thus appellant received no privilege from its predecessor in interest other than the mortgage that is in the record.
The Commissioner of Insurance also suggests that because of the nature of the privilege, the vendor’s hen is retained unless it is “waived” unequivocally. This argument has no merit because the vendor failed to preserve against third parties a vendor’s privilege.
DECREE
At appellant’s cost, the judgment is AFFIRMED.