STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-238


NATCHITOCHES PARISH LAW ENFORCEMENT DISTRICT

VERSUS

DECIMAL, INC., ET AL.


**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 82,537, DIV. A
HONORABLE ERIC ROGER HARRINGTON, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.


AFFIRMED.


Ronald E. Corkern, Jr.
Corkern, Crews & Guillet, L.L.C.
P. O. Box 1036
Natchitoches, LA 71458-1036
Telephone:  (318) 352-2302
COUNSEL FOR:
    Plaintiff/Appellee - Natchitoches Parish Law Enforcement District

Aubrey Richard Snell
Snell & Robinson Law Office
915 Barksdale Boulevard
Bossier City, LA 71111
Telephone:  (318) 424-1004
COUNSEL FOR:
    Defendant/Appellant - City Tele-Coin Company, Inc.

**W. James Singleton**
**Ree J. Casey-Jones**
**Singleton Law Firm**
**4050 Linwood Avenue**
**Shreveport, LA 71108**
**COUNSEL FOR:**
      **Defendant/Appellant - City Tele-Coin Co., Inc.**

**THIBODEAUX, Chief Judge.**

Plaintiff, Natchitoches Parish Law Enforcement District (NPLED), filed a Rule to Show Cause to inspect certain electronic records of City Tele-Coin Company, Inc. (Tele-Coin) after NPLED ceased business with Tele-Coin. Tele-Coin was ordered to produce the records in a November 2010 order, but failed to do so. Two years later, Tele-Coin alerted the trial court that the records NPLED sought had been erased or overridden. NPLED filed a Rule for Contempt seeking sanctions against Tele-Coin. The trial court held that Tele-Coin failed to comply with an order of discovery under La.Code Civ.P. art. 1471, and ordered Tele-Coin to pay NPLED's attorney fees and costs. Tele-Coin appeals that judgment. We affirm.

I.

## ISSUE

We will determine whether the trial court erred in interpreting the November 2010 judgment as an order of discovery rather than a final judgment, and imposing sanctions on Tele-Coin for failure to comply.

II.

## FACTS AND PROCEDURAL HISTORY

NPLED hired Decimal, Inc. (Decimal) in 2002 to provide the Natchitoches Detention Center with telephone service for inmates. Decimal immediately subcontracted the job to Tele-Coin. After several years, the contract between NPLED and Decimal expired. Sometime before the contract ended, NPLED requested records from Tele-Coin pertaining to inmate phone calls to

ensure NPLED received the commission it was entitled to under the contract.[1] Tele-Coin spent several months avoiding the request. In 2009, NPLED hired a new company to fulfill its communications needs, and continued to request the records it needed. Still, Tele-Coin refused.

NPLED finally filed a Rule to Show Cause why Tele-Coin should not be ordered to produce the records. The trial court granted the Rule, and ordered the parties to jointly draft an order to meet NPLED's discovery needs. In a document dated November 2010, the trial court ordered Tele-Coin to produce call detail records for 2006 through termination of the contract, along with several other records. Tele-Coin produced some of the records, but failed to produce the call detail records, which were a listing of every call made, and the time spent on the call. Tele-Coin asserted it had produced everything in its possession, neglecting to inform NPLED of the reason why it did not have the records. NPLED finally filed a Motion for Contempt against Tele-Coin.

At a hearing on the motion, Tele-Coin asserted, for the first time, that all call detail records are purged, dumped, or recorded over every thirty days. Essentially, the records NPLED spent years trying to obtain had been overridden before the November 2010 order was signed. The trial court held that Tele-Coin was subject to sanctions for failure to comply with a discovery order, and ordered Tele-Coin to pay NPLED's attorney fees and costs in the amount of $34,285.62. Tele-Coin appeals this judgment.

---

[1]The contract stipulated that NPLED received a commission based on the amount of time inmates spent on the phone. Thus, the records were necessary to determine any potential claim NPLED had against Decimal that the commission was inadequate.

III.

## LAW AND DISCUSSION

### *Standard of Review*

The trial court has ample discretion in imposing monetary sanctions for failure to comply with a discovery order. *Hutchinson v. Westport Ins. Co.*, 04-1592 (La. 11/8/04), 886 So.2d 438. We review sanctions for abuse of discretion and we will not disturb such a decision absent clear or manifest error. *Id.*

### *Discussion*

**November 2010 Order**

The trial court interpreted the November 2010 document as an order of discovery, even though it was titled a judgment. The court, therefore, applied the discovery articles and treated the motion as one brought pursuant to La.Code Civ.P. art. 1471. Tele-Coin argues that the November 2010 document was titled and styled as a judgment, and that the trial court's reliance on the discovery articles was misplaced. The sanctions the court imposed on Tele-Coin are the consequence of failing to obey an order of discovery, and thus Tele-Coin contends that the sanctions were improper.[2] We agree with the trial court that the November 2010 order was an order of discovery, not a final judgment.

Although the November 2010 order is entitled "Judgment," it is actually an order to produce documents. Rather than relying on hyper-technical verbiage, we are moved to look at the purpose and substance of the document. *Boellert v. Lumpkin*, 620 So.2d 431, 432 (La.App. 3 Cir. 1993) (holding that the

---

[2]The trial court sanctioned Tele-Coin for failing to produce the documents, but refused to find Tele-Coin willfully or purposefully evaded NPLED's requests, as would be required to find Tele-Coin in contempt.

nature of a pleading "must be determined by its substance, not its caption"). The trial court held a hearing in April 2010 on NPLED's Rule to Show Cause. The hearing was intended to remedy Tele-Coin's continued failure to produce the documents. The parties repeatedly referred to the hearing's outcome as an "order." They stated that they were "trying to craft the language for an appropriate order" for the judge to sign. The heading, therefore, is not talismanic terminology that would determine the procedural mechanism for resolving this dispute. The trial court correctly determined that the document was an order for production.

**Sanctions**

Louisiana Code of Civil Procedure Article 1471 states that if a party fails to obey an order to provide discovery, the court in which the action is pending, may "make such orders in regard to the failure as are just." Further, "the court shall require the party failing to obey the order . . . to pay the reasonable expenses, including attorney fees caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." La.Code Civ.P. art. 1471(C). In this case, NPLED began pursuing the call detail records in 2008, and it was led to believe that they existed until the contempt hearing in 2012 when, for the first time, Tele-Coin informed the court and NPLED that the records had, in fact, been deleted or overridden thirty days after they were created. Before the 2012 hearing, Tele-Coin continually defended its refusal to produce the records. It first refused for technical reasons, and then it argued that it had no legal duty to produce the documents, and finally it asserted that it had turned over everything it had. While technically accurate, Tele-Coin could have saved NPLED thousands of dollars by being honest and direct

4

about why the records did not exist. We find the trial court was within its discretion to order Tele-Coin to pay NPLED's attorney fees during this period. No reason or circumstance exists that would make an award of these expenses unjust.

Section B of La.Code Civ.P. art. 1471 states that "[a]bsent exceptional circumstances, a court may not impose sanctions under this Article on a person or party for failing to provide electronically stored information lost as a result of the routine, good-faith operation of an electronic information system." We agree with the trial court's finding that, although sanctions are being imposed for failing to provide electronic information lost as a result of routine operation, these are exceptional circumstances. Specifically, Tele-Coin's failure to provide a meaningful explanation of why it could not produce the documents led NPLED to continue pursuing them, since the call detail records were crucial to proving NPLED's claim that they were not paid the appropriate commission. The trial court found that Tele-Coin's failure to provide NPLED with the records, and its failure to explain its reluctance, caused NPLED to accrue unnecessary expenses and attorney fees. We agree.

IV.

## CONCLUSION

For the reasons above, we affirm the trial court's judgment of sanctions against City Tele-Coin Company, Inc. for attorney fees and court costs to Natchitoches Parish Law Enforcement District.

All costs of appeal are assessed to City Tele-Coin Company, Inc.

**AFFIRMED.**